# UNTIED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 21-00249 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SHELBY ALVIN CHAPPLE | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

On May 8, 2023, Defendant Shelby Alvin Chapple ("Chapple") filed a Motion to Amend Judgment (Record Document 48) with the Clerk of Court requesting that he have the time he spent in federal custody between November 3, 2021 to March 17, 2023 credited to the sentence he is currently serving in the Bureau of Prisons ("BOP"). Chapple also points to the time he spent in state custody before being "seized" by the U.S. Marshals, beginning October 18, 2020, as possible time to be credited.

The Court agrees with Chapple that he *may* be able to receive some credit on his federal sentence for the time period in question. See 18 U.S.C. § 3585(b) (A defendant is credited for "any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."). However, the Court has no authority to grant Chapple the relief he requests. Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must first exhaust his available administrative remedies through the BOP before litigating in federal court. See United

States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1354–55 (1992). After exhaustion of all administrative remedies, the defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district where he is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

In this case, Chapple has made no showing that he has exhausted his administrative remedies through the BOP. Moreover, Chapple is currently incarcerated at FCI El Reno in the Western District of Oklahoma. Any Section 2241 motion seeking to review the BOP's calculation for credit for time served would need to be filed in the Western District of Oklahoma.

Accordingly,

**IT IS ORDERED** that Chapple's Motion to Amend Judgment (Record Document 48), which this Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, is **DENIED** and **DISMISSED WITHOUT PREJUDICE** to his right to re-file in the proper court after he has exhausted his administrative remedies with the BOP.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 10th day of May 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT